# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) <br> ) <br> ) Case No. 1:04CR00032 <br> ) |
| v. | ) <br> ) **OPINION** <br> ) |
| **DONALD RAY YOUNG**, | ) <br> ) By: James P. Jones |
| Defendant. | ) Chief United States District Judge <br> ) |

*Donald Ray Young, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). I find that the motion must be dismissed as successive.

I

Defendant Donald Ray Young pleaded guilty in June 2004, pursuant to a written Plea Agreement, to conspiracy to distribute oxycodone, in violation of 21 U.S.C.A. § 846 (West 1999) (Count One), and to possessing a firearm in furtherance of a drug felony, in violation of 18 U.S.C.A. § 924(c) (West Supp. 2008) (Count

Four). On August 23, 2004, I sentenced Young to a total of 120 months imprisonment. Young did not appeal.

Young filed a § 2255 motion alleging that counsel provided ineffective assistance as follows: (1) counsel failed to object to the court's treatment of the United States Sentencing Guidelines ("USSG") as mandatory and "failed to object to an illegal sentence given to a witness against [petitioner]"; (2) counsel failed to appeal the sentence after petitioner asked him to do so; (3) counsel failed to advise petitioner against pleading guilty to the firearms charge, despite petitioner's "actual innocence" of that charge; and (4) counsel recommended agreement to forfeiture even though there was no factual basis for it. *See Young v. United States*, No. 7:05CV00534 (W.D. Va., filed Aug. 24, 2005). The government moved to dismiss on the ground that under a provision of his Plea Agreement, Young waived his right to bring a § 2255.[1] By Opinion entered February 26, 2006, I found that Young entered a valid waiver of his right to bring a § 2255 action, that none of his ineffective assistance of counsel claims

---

[1] Paragraph 9 of the Plea Agreement reads:

I agree not to collaterally attack the judgment and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to [28 U.S.C.A § 2255], the judgment and any part of the sentence imposed upon me by the Court. I agree and understand that if I file any court document seeking to disturb, in any way, the judgment and/or sentence imposed in my case, the United States will be free to take whatever actions it wishes based on this failure to comply with my obligations under the plea agreement.

- 2 -

implicated the validity of that waiver, and that all claims challenging the judgment or sentence were waived. *Young*, No. 7:06CV00534, slip op. at 5-7 (W.D. Va. Feb. 26, 2006). Based on the waiver, I granted the Motion to Dismiss as to all claims except that his attorney failed to appeal. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). I found that the allegation in this claim fell outside the scope of the Plea Agreement waiver,[2] and as material facts remained in dispute, I set the matter for an evidentiary hearing. After hearing testimony from Young and his prior attorney, I held that counsel had been ineffective and that Young should have his right to appeal reinstated.

Because the decision in *United States v. Booker*, 543 U.S. 220 (2005) would have applied to Young's appeal, I determined that Young should be resentenced in keeping with *Booker* principles. I conducted a resentencing hearing on August 17, 2006, determined that his prior total sentence of 120 months was appropriate under the post-*Booker* advisory guidelines, and imposed that sentence. Young appealed. On May 30, 2007, the United States Court of Appeals for the Fourth Circuit issued a per curiam opinion affirming the sentence. *United States v. Young*, 233 F. App'x 307 (4th Cir. 2007). Young did not file a petition for certiorari with the Supreme Court.

---

[2] Young's Plea Agreement did not include a provision waiving his right to appeal.

Young purportedly signed the present motion on August 13, 2008, but the court did not receive it by mail until November 17, 2008. Accompanying the § 2255 motion was a cover letter, signed by Young on November 7, 2008, stating that he originally mailed the § 2255 motion on August 13, 2008, and did not discover until late October, by inquiring with the clerk's office, that the court had not received the Motion.

In his current motion, Young alleges that counsel provided ineffective assistance in two respects: (1) That counsel failed to argue that the drug weight for sentencing purposes was incorrectly calculated under the "old conversion factor that was in force before Amendment 657" to the USSG; and (2) That counsel advised him to plead guilty to the firearm offense, although he told counsel that the firearms in his home were used only for sporting purposes and not in furtherance of his drug trafficking.

II

Young recognizes that the timeliness of his motion is at issue in this case. A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). Young's sentence became final under the 2007 Amended Judgment on August 28, 2007, 90 days after the Fourth Circuit's decision. *See* U.S. Sup. Ct. R. 13 (time to file certiorari petition runs from date of entry of judgment and expires 90 days later); *Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that for purposes of limitation period under § 2255(f)(1), conviction becomes final and period begins to run when opportunity to file petition for writ of certiorari expires or when certiorari is denied).

Young asserts that he mailed the action on August 13, 2008. If he could prove the truth of this assertion, his motion would be timely filed under § 2255(f)(1) and the "prisoner mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that prisoner's notice of appeal from denial of habeas relief was filed when he delivered

- 5 -

it to prison authorities for mailing to the court). I find, however, that even if proven timely filed, Young's current motion must be summarily dismissed as successive. Accordingly, the timeliness issue does not warrant further development.

Section 2255(h) prohibits the filing of a second or successive § 2255 motion without first obtaining certification from a court of appeals. When a § 2255 motion successfully reinstates the defendant's right to direct appeal of his conviction and sentence, however, "'the counter of collateral attacks pursued' is 'reset to zero'" such that a later § 2255 motion itself is not necessarily second or successive. *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999). The initial habeas action seeking reinstatement of appeal rights may, but is not required to, raise other claims concerning the conviction or sentence. *Goddard*, 170 F.3d at 437. On the other hand, the court's decisions as to such "other" claims are not "nulli[fied] when relief is granted on the appeal claim." *In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006).

> If a habeas petitioner (state or federal) files an application for collateral relief that raises a successful appeal claim and additional claims, any subsequent petition will be considered "second or successive" if (a) the district court ruled on the merits of the additional claims in the initial petition, and (b) the petitioner seeks to raise those claims again in the subsequent petition. In such a case, "the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application."

*Id.* (quoting *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir.2003)). The reason for this rule is jurisdictional:

> In the absence of pre-filing authorization [from the court of appeals for a second or successive § 2255 motion], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims. Moreover, because the authorization requirement applies to the entire application, the jurisdictional effect of § 2244(b)(3) extends to all claims in the application, including those that would not be subject to the limits on successive applications if presented separately.

*Id.* (quoting *Winestock*, 340 F.3d at 205).

Young's claims in this § 2255 motion must be dismissed, because I have already held in his prior § 2255 proceedings that he entered a valid Plea Agreement waiver of his right to bring a § 2255 action. That decision regarding Young's waiver was not nullified by my concurrent decision to grant relief as to his appeal claim. Both of Young's current § 2255 claims fall squarely within the scope of his waiver and must be dismissed.

Young attempted in the prior proceeding, as he does in the current motion, to undermine the validity of his guilty plea and waiver by asserting that counsel provided deficient advice regarding the Plea Agreement. His basic argument in both motions is that even after he told counsel that he was actually innocent of the conduct charged in Count Four, counsel advised him to accept a Plea Agreement including a promise to plead guilty to Count Four. In the prior § 2255 proceeding, I held that this

- 7 -

ineffective assistance claim was directly contradicted by Young's testimony under oath during the guilty plea hearing and thus warranted summary dismissal. *See Lemaster*, 403 F.3d at 222) (noting district court's authority to dismiss summarily any § 2255 claim "that necessarily relies on allegations that contradict the sworn statements" defendant made during plea colloquy). Accordingly, the claim does not invalidate Young's waiver of § 2255 rights and must be dismissed as successive, pursuant to *Williams*, 444 F.3d at 236.

Because my prior decision that Young waived his § 2255 rights still stands, I find that the other claim raised in the current motion, relating to the proper calculation of drug quantity, must also be dismissed as successive. Although Young did not raise that claim in the previous § 2255 motion, it can only succeed if the waiver is invalid. In the prior § 2255 proceeding, I already decided against Young on this key element of the claim. This claim does not bear on the validity of the waiver, nor does it allege that the sentence Young received exceeded the maximum statutory penalty for his offense or state any other ground on which the claim might fall outside the scope of the waiver. *See, e.g., United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992) ("[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." ). Accordingly, I find that this

claim falls within the scope of Young's waiver and therefore must be dismissed as successive.

III

For these reasons, I conclude that Young's § 2255 claims must be summarily dismissed as successive. Accordingly, I will deny the § 2255 motion.

A separate Final Order will be entered herewith.

ENTER: January 15, 2009

/s/ JAMES P. JONES
Chief United States District Judge